## HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* KEHOE.

No. 419.   Argued February 7, 8, 1940.—Decided February 26, 1940.

278

*Mr. John Philip Wenchel,* with whom *Solicitor General Jackson, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Harry Marselli* were on the brief, for petitioner.

*Mr. Robert T. McCracken,* with whom *Messrs. Leo W. White, R. M. O'Hara,* and *W. H. Gillespie* were on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Respondent Kehoe, in 1926, made an income tax return for 1925 and paid the amount computed thereon. In 1927, after inquiry concerning his affairs, the Commissioner assessed and collected an additional sum. Respondent waived appeal to the Board of Tax Appeals and became party to a closing agreement under § 1106 (b) Revenue Act 1926,[1] approved by the Secretary of the Treasury January 27, 1928.

In 1932 the Commissioner undertook to set aside this agreement and made a deficiency assessment of more than Two Hundred Thousand Dollars, also a fifty per cent penalty. Respondent appealed to the Board of Tax Appeals where he maintained there was no adequate proof

[1] February 26, 1926, c. 27, 44 Stat. 9, 113—

"Sec. 1106¹ (b). If after a determination and assessment in any case the taxpayer has paid in whole any tax or penalty, or accepted any abatement, credit, or refund based on such determination and assessment, and an agreement is made in writing between the taxpayer and the Commissioner, with the approval of the Secretary, that such determination and assessment shall be final and conclusive, then (except upon a showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made) (1) the case shall not be reopened or the determination and assessment modified by any officer, employee, or agent of the United States, and (2) no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States."

to support the assessment. The Board held the Commissioner had adequately sustained the burden of showing fraud or malfeasance or misrepresentation of fact, and did not err in setting the agreement aside.

The matter then went to the Circuit Court of Appeals, Third Circuit, which ruled there was no adequate evidence to support the conclusion and judgment of the Board. The facts are much discussed in a majority and dissenting opinion, 105 F. 2d 552. Another narration of them seems unnecessary.

Under the rule often announced, the function of the Board of Tax Appeals is to weigh the evidence and declare the result as to matters properly before it. Upon review the court may not substitute its judgment of the facts for that of the Board. When there is substantial evidence to support the conclusion of the latter this must be accepted. *Helvering* v. *Rankin,* 295 U. S. 123, 131; *General Utilities Co.* v. *Helvering,* 296 U. S. 200, 206; *Elmhurst Cemetery Co.* v. *Commissioner,* 300 U. S. 37, 40.

Here, upon evidence which we think is substantial (the dissenting member of the court below held the same view), the Board found fraud in fact which affected the closing agreement, and that the Commissioner properly set the contract aside. The court below should have accepted this finding of fact. As it failed so to do the challenged judgment must be reversed. The ruling of the Board is affirmed.

*Reversed.*