## COMMISSIONER OF INTERNAL REVENUE v. RECTOR & DAVIDSON.

### No. 9157.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1940.

F. E. Youngman and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Eustis Myres, of Dallas, Tex., and Willis E. Gresham, of Austin, Tex., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Respondent filed partnership returns of income for the taxable years 1932, 1933, and 1934. Petitioner asserted deficiencies in the returns, claiming that respondent was an association (taxable as a corporation) within the meaning of Section 1111(a) (2) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Code, § 3797(a) (3). The Board of Tax Appeals ruled that respondent was a partnership within the meaning of said laws, and the correctness of that decision is the sole question presented for our determination.

The facts in this case are very similar to the facts in Commissioner of Internal Revenue v. Horseshoe Lease Syndicate, 110

F.2d 748, decided by this court on March 26, 1940. Here, each of four individuals purchased for cash an undivided one-fourth interest in a mineral lease on two and five-eighths acres of land in Texas. One of the four, Rector, was an experienced oil operator; another, Davidson, had some knowledge of bookkeeping; so the owners vested title to the lease in these two in order to facilitate the management and operation of the property. The name of Rector and Davidson was then assumed to identify the venture. In order to obtain money with which to develop the lease, the joint interest therein was divided into 360 fractional parts, 72 of which were sold to various individuals, and the remaining parts were divided equally among the four original owners. Each transfer was by an assignment executed by Rector and Davidson, and each assignment designated Rector and Davidson as the agents and attorneys in fact of the assignee, authorizing them to execute all instruments, control, manage, and operate the lease, collect all proceeds thereof, pay all proper operating expenses, and distribute to the respective owners their proportionate parts of the net proceeds thereof.

Rector managed the development of the property, drilling three producing wells thereon and attending to the duties resulting from the operation of them, for which he was paid a monthly salary. Distributions of net income were made each month to the owners of fractional parts, Davidson performing the bookkeeping duties for a small monthly salary. Rector and Davidson occasionally consulted other co-owners before making important decisions, but no regular meetings were held, no votes taken, and no right either to vote or advise was given to any co-owner other than Rector and Davidson. The name of Rector and Davidson was not used in any other enterprise, and in 1933 it published an affidavit to the public identifying itself as a partnership, naming the persons composing it and the interests owned by them.

■ The Revenue Act of 1932, Section 1111(a) (2), defines a corporation to include associations, joint stock companies, and insurance companies, and paragraph (a) (3) of the section, 26 U.S.C.A. Int.Rev. Code, § 3797(a) (2), defines a partnership to include a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not a trust or estate or corporation. The Supreme Court recognized five salient features of a corporation in the case of Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263. They are (1) title to the property held by the entity, (2) centralized management, (3) continuity uninterrupted by deaths among the beneficial owners, (4) transfer of interest without affecting the continuity of the enterprise, and (5) limitation of the personal liability of participants.

■ In the case before us the title was held in undivided interests by all of the participants, and they were tenants in common of realty. Centralized management was obtained, not by shareholders' votes, but by the creation of an agency relation by each co-owner as principal, and without provision for continuity There was no limitation of personal liability. No stock was issued, no meetings were held, and the enterprise had no office, no seal, no minutes, and no stock books; nor was any trust ever created. In these circumstances, the finding of the Board of Tax Appeals that respondent was a syndicate or joint venture which resembled a partnership more nearly that it did a corporation was a fair and reasonable conclusion, supported by the evidence, and its decision should be affirmed. Helvering v. Kehoe, 60 S.Ct. 549, 84 L.Ed. ——; Commissioner v. Horseshoe Lease Syndicate, supra; Commissioner v. N. B. Whitcomb Coca-Cola Syndicate, 5 Cir., 95 F.2d 596; Commissioner v. Gerstle, 9 Cir., 95 F.2d 587; Myers v. Commissioner, 7 Cir., 89 F.2d 86; Commissioner v. Brouillard, 10 Cir., 70 F.2d 154; Lucas, Commissioner, v. Extension Oil Co., 5 Cir., 47 F.2d 65.

Affirmed.