## DEL MAR ADDITION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9506.

Circuit Court of Appeals, Fifth Circuit.

July 8, 1940.

Geo. S. Atkinson, of Dallas, Tex., for petitioner.

Michael H. Cardozo and Sewall Key, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This petition for review challenges the correctness of the decision of the Board of Tax Appeals, 40 B.T.A. 832, which held (1) that petitioner was an association subject to income and excess-profits tax as a corporation, (2) that Sections 105 and 106 of the Revenue Act of 1935, as amended by Sections 401 and 402 of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev.Acts, pages 798–800, were constitutional and petitioner was liable for taxes imposed thereunder, and (3) that petitioner filed its 1936 capital-stock tax return too late to entitle it to an exemption on excess-profits taxes. The assessments involved are for the fiscal year ending November 30, 1936.

The facts are not in dispute. In 1925, seven persons entered into an agreement for the purchase, subdivision, and resale of realty at Corpus Christi, Texas. Title to the property was vested in three trustees, with full power in them to do any act with reference to the property, and with authority to appoint successor trustees from the

participants in the enterprise, thereby intending to promote continuity of existence despite death. The terms and conditions were drafted into a trust agreement under which the Del Mar Addition, as the project was named, continued to operate through the tax year here involved. Profits were distributed in proportion to the fractional interest of each, and respective interests were transferred by bill of sale without affecting the continuity of the enterprise. For the year 1936, the acting trustee filed fiduciary returns of income against which the Commissioner assessed deficiencies resulting from computing the tax liability at corporate rates, creating the issue in this phase of the case.

 In cases involving the question of whether a business entity is, for taxation purposes, a corporation as defined by Section 801(a)(2) of the Revenue Act of 1934, or a partnership under the definition of Section 801(a)(3) thereof,[1] and the entity does not conform to either definition entirely, the test applied is which of the two it more closely resembles.[2] This is a question of fact, and the Board's finding thereon, if supported by evidence, must be upheld.[3] That the Board correctly found petitioner to be an association taxable as a corporation is clearly disclosed by the striking similarity between this and the leading case of Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263. In the Morrissey case, the Supreme Court named five characteristics of a corporation, and concluded that the trust there under consideration possessed each of them and was taxable as a corporation. Of these named characteristics, petitioner made specific provision for three. Title was taken in the trustees as a continuing body with provision for succession; management and control were centralized in them; and the death of beneficial owners did not cause any termination or interruption of opera-

tion. The fourth feature, the transfer of interests without affecting the continuity of the enterprise, was not expressly provided for, but such transfers actually were made by bill of sale without affecting the continued operation. The fifth characteristic is the limitation of the personal liability of participants. The trust agreement did not specially include such a provision, but the record is clear that it was not included only because, in the judgment of the participants, it was unlikely, due to the nature of the enterprise, that any contingency would arise requiring it. Since the material facts in this case so closely parallel those in the authoritative Morrissey case, we are content to uphold the conclusion of the Board that petitioner was subject to taxation as a corporation on the authority of it and the related decisions following in its wake.[4]

 The second and third questions for decision on this review arise from the Commissioner's determination of a deficiency in petitioner's excess-profits tax. Petitioner, if taxable as a corporation, was required by law[5] to file a capital-stock tax return within one month after the close of its 1936 tax year. Since it contended that it was not so taxable, no capital-stock tax return was filed until after the Commissioner, treating it as a no-capital corporation in the absence of a declaration of value, assessed a deficiency against it for excess-profits taxes amounting to twelve per cent of its net income, as provided by Section 106 of Chapter 829, Revenue Act of 1935, 26 U.S.C.A. Int.Rev.Acts, page 800. Thereafter, five days before the date set for the hearing on the deficiencies asserted, petitioner filed its first capital-stock tax return for the year 1936, declaring a value of $250,000 on its capital stock and paying a tax of $250 thereon. A statement was attached to the return announcing that it was filed for the purpose of fixing the declared

---

[1] 26 U.S.C.A.Int.Rev.Acts, page 790, 48 Stat. 769, 771.

[2] Commissioner v. Rector & Davidson, 5 Cir., 111 F.2d 332; Commissioner v. Horseshoe Lease Syndicate, 5 Cir., 110 F.2d 748; Bert v. Helvering, 67 App.D.C. 340, 92 F.2d 491; Commissioner v. Brouillard, 10 Cir., 70 F.2d 154.

[3] National Labor Relations Board v. Waterman Steamship Corp., 309 U.S. 206, 60 S.Ct. 493, 84 L.Ed. 704; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Del Vecchio v. Bowers, 296 U.S. 280,

56 S.Ct. 190, 80 L.Ed. 229; Helvering v. Kehoe, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751; Commissioner v. Rector & Davidson, supra.

[4] Swanson v. Commissioner, 296 U.S. 362, 56 S.Ct. 283, 80 L.Ed. 273; Helvering v. Combs, 296 U.S. 365, 56 S.Ct. 287, 80 L.Ed. 275; Helvering v. Coleman-Gilbert Associates, 296 U.S. 369, 56 S.Ct. 285, 80 L.Ed. 278.

[5] Chapter 829, Revenue Act of 1935, Sec. 105, 26 U.S.C.A.Int.Rev.Acts, page 796; 49 Stat. 1014, 1017.

value of the capital stock, in the event the then pending litigation should determine it to be liable for taxation as a corporation. The declaration of value was large enough to excuse it from the payment of any excess-profits taxes under Section 106, supra, unless the return was made too late to satisfy the requirements of the statute.

The Board of Tax Appeals, with four members dissenting, held that the return was filed too late to relieve the taxpayer of this liability. Petitioner contends that it was filed in time to meet the requirements of the statute, and that, if the statute is not so construed, it is violative of the Fifth Amendment to the Constitution. It appears that the constitutionality of the challenged statutes has been discussed in several recent decisions.[6] We decide nothing in regard thereto, since the conclusion we have reached on the alternative contention disposes of any necessity for ruling on the constitutional question. Our conclusion is that the delinquent filing of the return sufficiently met the requirements of the statute and is an adequate defense to the deficiency assessment for excess-profits taxes.

Sections 105 and 106, supra, are companion sections inseparable in their conception, operation, and application. Section 105 requires the filing of a capital-stock tax return within one month after the close of the tax year, and makes applicable to the taxes imposed by it, in all consistent respects, the provisions of law and the penalties applicable in respect to the taxes imposed by Section 600 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 275. The statute is thus extended to cover the imposition of penalties, and the construction urged by the Commissioner would inflict a penalty upon the taxpayer. Neither Section 105 nor Section 600 makes any provision for the filing of delinquent returns. Section 1103 of the Revenue Act of 1926 amended Section 3176 of the Revised Statutes, 26 U.S.C.A. Int.Rev.Acts, page 316. This section provides for a delinquent return by the taxpayer by authorizing the addition of twenty-five per cent damages to the amount of the tax in cases where the failure to file within the time allowed results from wilful neglect. The silence of the taxing statute on the question of a delinquent return makes applicable the general provisions for its administration, which, in turn, clearly authorize delinquent filing, either by the taxpayer or the collector or Commissioner, with no limitation whatsoever upon its sufficiency because of the delay.

We do not share the apprehension of the Board that this construction of the statute will defeat the purpose of Congress in imposing the tax. On the contrary, we think that Congress deliberately created this right to cover delinquencies arising from reasonable causes, and, having so created it, safeguarded it against abuses by authorizing the collector to make binding returns where none were filed by the taxpayer, and by imposing a penalty upon the taxpayer for unreasonable delay when his return was late. This view was strengthened by the fact that the return filed in this case was a "first return" under the act, and the importance of such a return, in regard to both the immediate and the future tax liabilities of the taxpayer, makes it practically imperative for him to exercise both care and speed in compiling it. For this reason, the taxpayer takes a severe risk if it permits the collector to make his own computation and return, and the right given the commissioner sternly commands a timely filing.[7]

The construction we have placed upon this statute is a reasonable application consistent with its language and with the legislative purpose.[8] That purpose is to allow the taxpayer to fix for itself the amount of the taxable base for purposes of computation of the capital-stock tax and the excess-profits tax. By the rejection of the delinquent return on the ground that it was filed too late, petitioner was denied the right to make the declaration of value which it was the obvious purpose of the statute to give. The words of the statute require no such harsh and incongruous result.[9]

[6] Allied Agents v. United States, Ct.Cl., 26 F.Supp. 98; certiorari denied, 308 U. S. 561, 60 S.Ct. 72, 84 L.Ed. ——; Chicago Telephone Supply Co. v. United States, Ct.Cl., 23 F.Supp. 471.

[7] Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340.

[8] Armstrong, etc. v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249; United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986; Hawaii v. Mankichi, 190 U.S. 197, 23 S.Ct. 787, 47 L.Ed. 1016.

[9] Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340.

Affirmed in part and reversed in part, and remanded to the Board of Tax Appeals for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (concurring in the result).

I disagree with and dissent from the holding of the majority that petitioner was an Association subject to income and excess profits taxes as a corporation. I think that recent opinions of this court make the point clear that it was not. I agree, if the petitioner is an Association subject to income and excess profits taxes as a corporation, with the holding of the majority that its capital stock tax return was not filed too late and that it is not due any tax.

I therefore concur in the result.