ALEXANDER DAVIDSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 85629.   Promulgated January 15, 1941.

*C. C. McDonald, Esq.*, for the petitioner.
*F. B. Schlosser, Esq.*, for the respondent.

OPINION.

TURNER: The first question for determination is whether petitioner's income tax returns for the taxable years were false and fraudulent with intent to evade tax. If not, the statute of limitations bars the assessment and collection of the deficiencies determined, and the respondent so concedes. The petitioner contends that his

returns for the years in question were not false and fraudulent, with intent to evade tax, and that the period within which any tax for such years may be assessed has expired; and in that connection he has alleged that by reason of his acquittal in the United States District Court for the Northern District of California on the charge that he willfully, knowingly, and feloniously attempted to defeat and evade income tax for the year 1924, the issue of fraud herein is *res judicata.* A similar contention was considered by the Supreme Court in *Helvering* v. *Mitchell*, 303 U. S. 391, and decided adversely to the contention made by the petitioner here. Accordingly the petitioner's claim of *res judicata* is denied.

The burden of proving fraud is upon the respondent and that burden he assumed at the hearing. To establish fraud, he has introduced and relies upon the following: The deposition of Robert T. Colquhoun, together with 37 exhibits attached thereto, consisting largely of records, canceled checks, and correspondence taken from his files; deposition of W. E. Lyman, general auditor of the Wells Fargo Bank, together with certain ledger sheets showing petitioner's accounts at that bank; deposition of R. F. Schacht, assistant cashier of the Bank of America, with certain exhibits attached thereto; deposition of J. E. Turner, assistant cashier of the First National Trust & Savings Bank of Santa Barbara, California, with several canceled cashier checks attached thereto; deposition of W. S. Davis, branch manager of the Seventh and Valencia Branch of the Security First National Bank of Los Angeles, with seven canceled checks attached thereto; deposition of Dan J. Chapin, internal revenue agent in charge at San Francisco in 1922; the oral testimony of E. H. Shine, assistant cashier of the Wells Fargo Bank, together with several canceled checks identified by him; oral testimony of Raleigh M. Fremont, one of Colquhoun's agents in the liquor business; and the oral testimony of several special agents of the Bureau of Internal Revenue who participated in the investigation of petitioner's tax liability.

Petitioner admits that he was engaged during the taxable years in an illegal liquor business along the general lines disclosed in the testimony of Colquhoun; he also admits that the results of his operations were not reported in his income tax returns, the reason offered for such failure being that his operations resulted in net losses for those years and that his attorney advised him that since the losses resulted from the operation of an illegal business they were not therefore deductible. He testified that he did keep records of all transactions in question but that such records were destroyed when he moved to Texas in or about 1930 or 1931. The evidence offered by the respondent clearly refutes the reasons given by the petitioner for his failure to disclose the results of his operations in his income tax returns. From this evidence it appears that the petitioner, instead of sustaining net losses

in his liquor operations, realized substantial profits therefrom. From the record it appears that the only financial outlay made by petitioner in each instance was the cost of the liquor sold. The expenses of operation were paid by Colquhoun out of the proceeds from sales and, after taking out his share, the balance was paid by him to petitioner or to others for petitioner's benefit. These payments, after making due allowance for the cost of the liquor sold, disclosed substantial profits to petitioner in each of the years before us. Obviously petitioner's returns for the years 1922, 1923, and 1924 were false, and from the evidence of record we are convinced that the falsification of the returns was willful and with intent to evade tax. The reason given for the failure to report the income from his operations, namely, that he sustained net losses, was untrue, and certainly the petitioner was fully aware of that fact. It is accordingly our conclusion and we so hold that the petitioner's returns for the years before us were false and fraudulent, with intent to evade tax, and as a result the period within which the income tax for those years may be assessed and collected has not expired. See *M. Rea Gano*, 19 B. T. A. 518; *John Kehoe*, 34 B. T. A. 59; affd., 309 U. S. 277; *Frank A. Maddas*, 40 B. T. A. 572; affd., 114 Fed. (2d) 548.

The respondent having sustained the burden of proving that the returns filed by the petitioner were false and fraudulent, with intent to evade tax, the burden of proving error in the deficiencies determined by the respondent is on the petitioner. *John Kehoe, supra,* and *Frank A. Maddas, supra.* He seemed content to rest his case principally on the fraud issue and has offered nothing substantial to refute the correctness of the deficiencies determined by the respondent. In fact there is little more to his testimony than a reiteration that the operation of the business resulted in a net loss for each of the years before us. There are some inferences that he considered Colquhoun as an extortioner and that, in the light of unfriendly relations between them at the time of the termination of their operations, Colquhoun's testimony should be disregarded. He also denied that he ever used certain names under which Colquhoun claims petitioner received some of the payments. It appears, however, that in connection with his oral testimony Colquhoun supplied records and papers maintained currently during the operations with petitioner which reflected the moneys received and the payments made to petitioner or for his benefit. Furthermore, Colquhoun's testimony as to numerous payments is corroborated by the testimony of Shine and various canceled checks and bank records. In making his determination as to the profits realized by petitioner, respondent has made allowance for the cost of the whiskey sold and in computing the items reflected or evidenced by amounts paid on petitioner's loans in the Wells Fargo Bank, he has not included any

348

sums that were paid from petitioner's checking account or sums that were otherwise identified. The petitioner has failed to show that the items included by the respondent in his determination of the deficiencies did not represent income or were to any extent duplications of income items. The deficiencies determined by the respondent for the years 1922, 1923, and 1924 are accordingly sustained.

We also conclude from the evidence of record that a part or all of the deficiency for each year is due to fraud, with intent to evade tax, and the respondent's determination of the fraud penalties is also sustained.

*Decision will be entered for the respondent.*