CRESCENT BED CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.
No. 10413.

Circuit Court of Appeals, Fifth Circuit.
Feb. 16, 1943.

Robert Ash, of Washington, D. C., and Robt. R. Ramos, of New Orleans, La., for petitioner.

Irving I. Axelrad and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

During the tax years 1936, 1937, 1938 and 1939, Crescent Bed Company, with $1,000-000 par value of capital, did each year a manufacturing business of about $600,000 gross sales. The net profits after paying salaries, but before paying income taxes, ranged from $8,766 to $42,776 per year. Two brothers owned $920,000 of the stock, managed the business as officers, and were paid salaries of $50,000 each per year. The total payroll for the 160 other employees was but a few thousand dollars more. One year no dividend was paid to stockholders. The other three years the dividends were $30,000, $20,000, and $35,-000. The salaries paid were taken as a deduction in the income tax returns of the corporation for each year, under the statutory allowance of business expenses "including a reasonable allowance for salaries or other compensation for personal services actually rendered." Revenue Acts 1936 and 1938, Sec. 23, 26 U.S.C.A. Int.Rev. Acts, pages 827, 1011. The Commissioner reduced the officers' salaries to $25,000 each as a reasonable allowance. The Board of Tax Appeals held that this determination had not been shown to be erroneous.

It is contended that the Board should have fixed a reasonable allowance, and that the case must be sent back, for that to be done. The ultimate function of the Board is to redetermine the taxes, and this it specifically did for each year. It should also find the facts upon which it acts. In this case the sole fact at issue was the reasonableness of the salaries paid to these two brothers, the Commissioner's finding being assailed. The Board heard the evidence, discussed it, and concluded thus: "The respondent has allowed salaries of $25,000 each to the two officers as reasonable compensation for services rendered. It was petitioner's burden to demonstrate that such salaries were unreasonably small. This the record made at the hearing does not do. We have no evidence of salaries paid by comparable firms, nor any suggestion of proof that it would have cost more than $25,000 per year to replace either of the two officers. On the facts before us we hold that petitioner has not proven respondent's determination to be error." The tax was redetermined on a basis of $25,000 allowed as salary for each. We think this is a finding that such allowance is reasonable. Verdicts and other fact findings often rest on the failure of one having the burden of proof to carry it successfully.

We find no error of law in this conclusion. The salaries paid were not fixed

by an arm's length bargain, for the two brothers and their sister constituted the board of directors. The brothers gave their whole time to the business, and actually rendered valuable personal services. The size of the business, and its degree of success were in evidence. Under all the circumstances we are of opinion that the conclusion of the Board that the salaries paid were unreasonable deductions and those allowed by the Commissioner were reasonable was in accordance with law and supported by evidence. Wilmington Trust Co. vs. Commissioner, 316 U.S. 164; Helvering v. Kehoe, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751; G. M. Cox, Inc. v. Commissioner, 5 Cir., 128 F.2d 957.

Affirmed.