## HELM & SMITH SYNDICATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10352.

Circuit Court of Appeals, Ninth Circuit.

June 22, 1943.

Thomas R. Dempsey, Wellman P. Thayer, Arthur H. Deibert, and William L. Kumler, all of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Arthur Manella, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner seeks a review of an order of the United States Board of Tax Appeals, now named Tax Court of the United States, and hereinafter called the Tax Court, determining that appellant's income and excess profits taxes for the calendar year 1938 should be computed by treating appellant as an "association" within the meaning of Section 901(a) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 3797(a), and therefore taxable as a corporation.

Appellant is an unincorporated group which in 1938 had three successive forms of organization. The first was under a trust instrument executed by each member of the group on June 29, 1937, administering certain property acquired by the members under a conditional sales agreement with Miller & Lux, Inc., and transferred to the trustee. It was terminated May 27, 1938. The second form was one in which each of the beneficiaries under the trust conveyed his former beneficial interest in the trust to one Helm, who, as their agent, administered the property formerly held in

the trust. Helm's agency continued until July 15, 1938, during which time Helm leased certain of the property and sold a parcel thereof, receiving income therefrom in that period. The third form was under a trust agreement similar in its provisions to the trust dissolved on May 27, 1938, but of the property remaining after the sale by Helm and subject to the leases made by him. The agreed facts do not show there was income in the two trust periods, but the parties here agree there was such income.

Concerning the two trust instruments, their provisions are alike so far as concerns the determination of the Tax Court that they created an association within the Act. We agree with the Tax Court that the trust instruments created such an association.

The members of the group had an interest arising from the Miller and Lux agreement in certain real properties having petroleum producing prospects. These interests were transferred to Helm, as trustee, who was subject to the control of a committee of four (with whom he voted as a fifth) which had "exclusive power to manage and control the property, the subject of the trust, and to lease, including for oil and gas development purposes, sell or otherwise dispose or encumber the same, when in their judgment it is to the advantage of the trust and of the persons interested therein so to do, and said trustee shall execute and deliver such conveyances, encumbrances, leases and oil and gas leases, as he may be directed to do so by the majority vote of said committee at a meeting duly and regularly called." A correlative provision gave these powers to the trustee subject to the written consent of the committee.

Vacancies on the committee were to be filled, by vote of the remaining members, from the trust beneficiaries. Likewise this directing committee had the power to fill a vacancy in the position of the title holding trustee. It was provided that title to the property passed at once to the new trustee on a vacancy in the trusteeship. The period the organization was agreed to continue was 25 years with provision for a prior dissolution on a vote of two-thirds of the beneficiaries.

During the first period prior to May 27, 1938, Helm negotiated for and signed as an individual—not showing his trust capacity—several agreements for mineral oil leases with several oil companies. The leases so signed were placed in escrow and not delivered until after the dissolution of the trust on May 27, 1938.

In the first period we have an association of investors with a management by a committee of five persons acting as do a board of directors, with provision for continuing of the directing body as in corporations. The committee's function was not one of mere conservation of assets but of the usual leasing, selling and managing of petroleum properties of any of the oil owning and leasing corporations. As with stockholders there was a provision for the transfer of the beneficial interests in the continuing associative business enterprise.

The provision for a governing directorate with the usual managerial functions distinguishes this case from Commissioner v. Gerstle, 9 Cir., 95 F.2d 587 and Commissioner v. Rector & Davidson, 5 Cir., 111 F.2d 332. Assuming that under Sec. 2280 of the California Civil Code a single beneficiary may revoke the trust, each beneficiary had agreed to the 25 years continuance. What was done was during the agreed period and when done, in a corporate like form. Petitioner claims and respondent denies that the liability of each beneficiary is that in a partnership. Even if so, limitation of the beneficiary's liability is not a sine qua non of the corporate analogy. Cf. Thrash Lease Trust v. Commissioner, 9 Cir., 99 F.2d 925.

Appellant was an association under the Act during the first period and the taxation of its income received during that time was properly determined by the Tax Court.

Before Helm's escrowed leases were delivered to the oil companies they discovered the existence of the trust under which the property was held. They refused to consummate the transactions unless the trust was dissolved. This was done and the lease delivered from escrow to the oil companies, which paid Helm certain bonus moneys for them.

On July 1, 1938, Helm also conveyed and received payment for a parcel of the lands held for himself and his associates.

No question of tax avoidance was raised concerning the dissolution of the trust and the subsequent sale and leasings by Helm as agent of the co-owners of the interest in the lands created by the agreement with Miller and Lux. We are unable

442

to see any ground for the Tax Court's holding that the income from the sales and leasing by Helm after the dissolution of the first trust was income to an association under the Act, and hold that such income was not so taxable.

On July 15, 1938, the remaining interest of the members of the group in the Miller and Lux contract was conveyed by them to Helm to be held under the second trust agreement, which we hold to be an association within the Act.

The Tax Court erred in taxing that portion of the income received by the Syndicate between May 27 and July 15, 1938, as if an association within the meaning of the Act, and is reversed in that respect. It is affirmed as to the taxation of the income for the remainder of the year. The case is remanded to the Tax Court for a redetermination of petitioner's tax liability.

Reversed in part and remanded.