512

## CANAL NAVIGATION & TRADING CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12257.

Circuit Court of Appeals, Fifth Circuit.
June 22, 1948.
Rehearing Denied July 30, 1948.

Joseph M. Jones, of New Orleans, La., for petitioner.

Homer R. Miller, Robert N. Anderson and Louise Foster, Sp. Assts. to the Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., and Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

### PER CURIAM.

For the period from May 17, 1941 to December 31, 1941, taxpayer paid to three of its officers salaries aggregating $10,000,—to its president, Joseph M. Jones, and its vice-president, Thomas L. Jordan, $4,286 each, and to its vice-president, Harry B. Jordan, $1,428. The commissioner approving a total allowance for salaries for these officers of $4,500, disallowed $5,500 with resulting deficiencies in income and excess profits tax liabilities for the year 1941 of $1,438.93 and $5,225.85, respectively, and taxpayer appealed to the Tax Court. That court on review of the whole record determined that $6,000 should have been allowed, and taxpayer, still dissatisfied, is here insisting that the salaries paid were reasonable and should have been allowed in full.

The taxpayer recognizes that the question for determination is primarily one of fact. In a well prepared and well argued brief, devoted to the contention that in its findings the court has disregarded the evidence and the applicable rules of law, it invokes our case of Express Publishing Co. v. Commissioner, 5 Cir., 143 F.2d 386, holding that an allowance for services as a director is proper, and Capitol-Barg Dry Cleaning Co. v. Commissioner, 131 F.2d 712, a case from the Sixth Circuit holding that the Tax Court may not arbitrarily reject evidence which is not on its face impeached, nor may it arbitrarily disregard the fact that the salaries were fixed by the directors.

We do not think that either of these cases is in point. As to the Express Co. case, the record here does not show, as it had done in that case, that the Tax Court completely denied a salary voted to a director. As to the Dry Cleaning case, this record does not show, as it was held there that it did, that the Tax Court arbitrarily disregarded either the testimony of the witnesses or the fact that the salaries had been fixed by the action of the directors. It shows, on the contrary, that the Tax Court painstakingly canvassed the record as a whole and made its determination on it with a due regard for all the pertinent facts. We do not mean by this to hold that if we were considering the matter de novo we would find, as the Tax Court did, that the salaries were unreasonable. We hold merely that the question is one of fact remitted primarily to the Tax Court and that no showing has been made why its finding and determination in respect to it should not stand. Its judgment is, therefore, affirmed.