**HERMAN et ux. v. UNITED STATES.**

**No. 5237.**

United States District Court
W. D. Missouri, W. D.

Jan. 5, 1949.

Daniel L. Brenner, and James J. Waters, both of Kansas City, Mo., for plaintiffs.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew Sharpe and Henry L. Spencer, Sp. Assts. to the Atty. Gen. and Sam M. Wear, U. S. Atty. and Harry F. Murphy, Asst. U. S. Atty., both of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action in two counts for refund of taxes alleged to have been paid by the plaintiffs for the years 1944 and 1945. It is averred in the complaint that one Morris Bramsohn in fact paid the taxes for them and by reason thereof they ask that he be made a party defendant. Moreover, they say that he has interposed a claim in like manner for a refund of the said taxes. Apparently it is the desire of the plaintiffs to have a determination or adjudication as to whether they or the interpleaded party should recover. This complex situation requires a brief statement of the facts as gleaned from the complaint:

The plaintiffs were the owners of Standard Wholesale Liquor Company of Kansas City, Missouri. To the capital of this com-

pany they had contributed $10,000; whether the contribution was made in equal parts is not disclosed. "In April 1944 the plaintiffs, Ben A. Herman and Frieda M. Herman, husband and wife, entered into an agreement whereby one Morris Bramsohn would operate the Standard Wholesale Liquor Company of Kansas City, Missouri."

The agreement with Bramsohn was that "the plaintiffs were to receive ninety-five per cent. (95%) of the net profits, and Morris Bramsohn was to receive a stated weekly salary, or five per cent. (5%) of the net profits, whichever was greater."

For the year 1944 Bramsohn made a tax return on Form 1040 and filed same. It showed a net income to the corporation or partnership of $26,342.89. The said Bramsohn paid a tax of $11,845.12. It is claimed in the petition that the $26,342.89 was the distributive share of the plaintiffs.

It is further alleged that:

"Subsequently, Morris Bramsohn filed an amended income tax return, eliminating therefrom the distributive share of the plaintiffs from the Standard Wholesale Liquor Company, which return showed a tax due from Morris Bramsohn of $1,079.29."

"Accordingly, there has been an overpayment of income taxes by the plaintiffs for the calendar year 1944 in the amount of $10,766.43."

The plaintiffs say that the claims for refund filed by them, as well as those filed by the said Morris Bramsohn were denied. The plaintiffs conclude their averments with the statement that: "The aforesaid Morris Bramsohn has no right, title or interest in the aforesaid sum."

Practically identical averments were made in the second count covering a claim for $8,000 paid by the said Morris Bramsohn for the year 1945.

The questions for decision upon the several motions are: (1) Whether the court should permit the plaintiffs to bring in Morris Bramsohn as a party defendant for the purpose of ascertaining whether he or they would be entitled to any recovery that might be had against the government; and (2) on the motion to dismiss, whether upon the averments of the complaint the plaintiffs have stated a cause of action; and

(3) if so, whether they have a right to maintain the action.

1. It is obvious from the foregoing that the plaintiffs did not pay the tax for which they have brought this suit. Moreover, there are no averments in the complaint to the effect that the taxes were paid erroneously for them by Morris Bramsohn in the capacity of their agent or that he paid it wrongfully as being without authority.

■ Necessarily the government, in a claim for refund should be called upon only to deal with the person who actually paid the tax unless same might have been done in an agency capacity.

■ Neither would it be proper to make Morris Bramsohn a party defendant and expose the government to the complex problem of determining who is entitled to the alleged overpayment. The said Morris Bramsohn is not properly a party defendant, but should be aligned, if made a party, as a party plaintiff. The concession by the government to be sued does not extend to a complex action of this kind.

■ 2. It may be reasonably inferred from the pleadings that the plaintiffs did not operate Standard Wholesale Liquor Company as a partnership. On the contrary, the company was operated by Morris Bramsohn on a percentage basis. The capital was assembled by the plaintiffs and the business was carried on by Morris Bramsohn under a contract. It was an association for profit in the conduct of the business in which neither of the contributors to the capital performed any personal service. By Section 3797, Title 26 U.S.C.A., relating to the general subject of Internal Revenue, "Corporation" is defined to include "associations," etc.

In Del Mar Addition v. Commissioner of Internal Revenue, 113 F.2d 410, 411, the Court of Appeals, 5th Circuit, said: "In cases involving the question of whether a business entity is, for taxation purposes, a corporation * * * or a partnership * * *, and the entity does not conform to either definition entirely, the test applied is which of the two it more closely resembles."

The method of operation, the manner in which the tax return was made, the dis-

tribution to plaintiffs, all give the business the character of a corporation.

In the case of Poplar Bluff Printing Co. v. Commissioner of Internal Revenue 149 F.2d 1016, loc. cit. 1019, the Court of Appeals, this Circuit, in discussing the difference between a corporation and partnership, said: "In an ordinary co-partnership each partner represents his fellows, and within the scope of the common enterprise may by his acts impose liability upon them. *When, however, the associates so organize themselves that no representative action may normally be taken except by elected officials, the association has taken on qualities of a corporation, as distinguished from a co-partnership.*" (Italics mine).

This principle is precisely applicable to the instant case. According to the agreement pleaded the associates in the venture had so organized themselves that they might normally have taken no action save only through Morris Bramsohn with whom they had contracted. See also In re Midwest Athletic Club, 7 Cir., 161 F.2d 1005; also Pennsylvania Co. for Insurances, etc. v. United States, 3 Cir., 138 F.2d 869, loc. cit. 873. The court quoted from the case of Morrissey v. Commissioner of Internal Revenue, 296 U.S. 344, 56 S.Ct. 289, 295, 80 L.Ed. 263, as follows: "'* * * it is impossible in the nature of things to translate the statutory concept of 'association' into a particularity of detail that would fix the status of every sort of enterprise or organization which ingenuity may create, * * * '"

See also Wabash Oil & Gas Ass'n v. Commissioner of Internal Revenue, 1 Cir., 160 F.2d 658, loc. cit. 661, where the court said: "In the first place the subscribers associated together in a joint enterprise for the transaction of a business from which they hoped to realize profit, and in the second place the medium they chose for carrying on their enterprise substantially resembled a corporation in its organization."

Section 22, Title 26 U.S.C.A., specially defines "gross income" as income derived from many activities including that "growing out of the ownership *or use of* or interest in such property." (Italics mine).

The income in this case grew out of the use of assembled capital by Morris Bramsohn. He alone became liable for the tax or the liability accrued against the association behaving as a corporation.

The case of Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 64 A. L.R. 1135, is apposite. There the corporation was dissolved and the business was carried on as a purported partnership between husband and wife. Such a contention of the taxpayer was rejected for the reason that the husband alone was active in carrying on the business. In this case neither of the plaintiffs even purported to be active.

In view of the averments of the complaint and the above discussion it seems unnecessary to afford the plaintiffs the opportunity to amend their complaint. It seems obvious that under no state of facts could they maintain the suit or recover in the action, but they will be granted twenty days to file an amended complaint, otherwise the complaint will be dismissed. It will be so ordered.