## LEEDY–GLOVER REALTY & INSURANCE CO., Inc. et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 13234.

United States Court of Appeals Fifth Circuit.

Nov. 3, 1950.

Rehearing Denied Dec. 15, 1950.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

■ This Court has held that the question of what constitutes a reasonable allowance for salary expense under the provisions of Section 23(a) (1) (A) of the Internal Revenue Code and the applicable treasury regulations is a question of fact under the circumstances of each particular case. See Gem Jewelry Co. v. Commissioner, 5 Cir., 165 F.2d 991; Commercial Iron Works v. Commissioner, 5 Cir., 166 F.2d 221, 223; Canal Navigation & Trading Co. v. Commissioner, 5 Cir., 168 F.2d 512; Title 26 U.S.C.A. § 23(a) (1) (A).

■ Here, the Tax Court has fixed an amount properly deductible as salaries for each of petitioner's two principal officers during the taxable years in dispute which is higher than that originally allowed by the Commissioner, but less than that claimed as reasonable by the petitioners on this appeal. The Commissioner has not filed a cross appeal from that determination, and the principal issue here confronting us is whether upon all of the evidence adduced we should view the findings of the Tax Court on this issue as clearly erroneous. See J. H. Robinson Truck Lines, Inc. v. Commissioner, 5 Cir., 183 F.2d 739.

■ From a careful consideration of the entire record evidence, we conclude that the findings of the Tax Court as to the reasonableness of the salaries allowed to the petitioner's principal officers and stockholders as a deductible business expense are not clearly erroneous, but are borne out and supported by the record before us. See Crescent Bed Co. v. Commissioner, 133 F. 2d 424; Cf. J. H. Robinson Truck Lines, Inc. v. Commissioner, 183 F.2d 739. Moreover, the evidence fails to reveal that the Commissioner, in allocating the business expenses among the taxpayers, all owned and controlled by the same interests, abused the discretion granted to him under Section 45 of the Internal Revenue Code. Title 26 U. S.C.A. § 45.

Affirmed.

Benjamin Leader, Alfred Swedlaw, Birmingham, Ala., for petitioners.

Hilbert P. Zarky, Ellis N. Slack, Robert N. Anderson, Morton K. Rothschild, Special Assistants to Attorney General, Theron Lamar Caudle, Assistant Attorney General, Charles Oliphant, Chief Counsel, W. Herman Schwatka, Special Attorney, Bureau of Internal Revenue, Washington, D. C., for respondent.