### UNIVERSITY CHEVROLET CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 13997.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1952.

Rehearing Denied Dec. 17, 1952.

Jas. P. Hill, Jacksonville, Fla., Frederic D. Dassori, Washington, D. C., William R. Frazier, Jacksonville, Fla., for petitioner.

William L. Norton, Jr., Special Asst. to Atty. Gen., A. F. Prescott, Special Asst. Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Mason B. Leming, Act. Chief Counsel, Bur. Int. Rev., Rollin H. Transue, Special Atty. Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves income taxes for the year 1946, and is taken from a decision of the Tax Court entered June 29, 1951. 16 T.C. 1452. The question presented is whether said court's findings of reasonable allowances for compensation for personal services for the taxpayer's president and sole stockholder are clearly erroneous. The applicable statute and regulation are Section 23(a) (1) (A) of the Internal Revenue Code, as amended by Section 121 of the Revenue Act of 1942, c. 619, 56 Stat. 798; and Sec. 29.23 of Treasury Regulations III, promulgated under said code.

Under said statute, the petitioner is allowed as deductions from its gross income, during the taxable year, all the ordinary and necessary expenses paid or incurred in carrying on its business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. Under the just-cited regulation, the test of deductibility in the case of compensation payments is whether or not they are reasonable and are in fact payments purely for personal services. Any amount paid in the form of compensation, but not such in fact, is not deductible. An ostensible salary paid by a corporation may be a distribution of a dividend on stock. This is likely to occur in the case of a corporation having few shareholders, practically all of whom draw salaries. Bonuses to employees will constitute allowable deductions from gross income when such payments are made in good faith, and as additional compensation for services actually rendered, provided such payments, when added to stipulated salaries, do not exceed a reasonable compensation for the services rendered.

The deduction in this case was for the sum of $27,655.73, which represented a salary of $7200 and a bonus of $20,455.73, paid pursuant to an employment contract entered into by and between the stockhold-er-president and the petitioner, a solely owned corporation. The Tax Court found that the Commissioner's disallowance in part was right, redetermined the deficiency, and fixed the sum of $14,643 as a reasonable deduction. The basis of the holding was that, while ordinary deductions for bonus payments may be all right, they are not conclusive as to their amounts, and where, as here, the corporation is solely owned by the employee, the contract for them does not have the same weight as if it were made with a corporation not owned by him.

Petitioner relies upon the case of Austin v. United States, 5 Cir., 28 F.2d 677, and other cases which lay down the correct rule that normally it is for the corporation to determine the reasonableness of compensation, and that the Tax Court and the Commissioner cannot substitute their respective ideas for the business views of the taxpayer and the employee. Petitioner also cites William S. Gray & Co. v. United States, 35 F.2d 968, 68 Ct.Cl. 480; Hughes v. Commissioner, 5 Cir., 153 F.2d 712; Commercial Iron Works v. Commissioner, 5 Cir., 166 F.2d 221; Mayson Mfg. Co. v. Commissioner, 6 Cir., 178 F.2d 115; J. H. Robinson Truck Lines v. Commissioner, 5 Cir., 183 F.2d 739. The Government insists that the question is one of fact; that the taxpayer by competent evidence failed to overthrow the Commissioner's determination; and that the decision of the Tax Court is not clearly erroneous. It cites Leedy-Glover Realty & Ins. Co. v. Commissioner, 5 Cir., 184 F.2d 833; American Pitch Pine Export Co. v. Commissioner, 5 Cir., 188 F.2d 721; and Burford-Toothaker Tractor Co. v. Commissioner, 5 Cir., 192 F.2d 633.

■■ We agree with the uniform holding of the courts that neither the Board nor the Commissioner may substitute its or his opinion of what is fair for that of the taxpayer, in the absence of supporting evidence. We think that the record in this case reveals a reasonable basis for the find-ings of the Tax Court; consequently, we should not hold that they are clearly erroneous, and the judgment appealed from should be affirmed.

Affirmed.