## LOCKE MACH. CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10577.

Circuit Court of Appeals, Sixth Circuit.
May 17, 1948.

Thos. V. Koykka, of Cleveland, Ohio (Peter Reed, Walker H. Nye, Thomas V. Koykka, Charles DeWoody and Mc-Keehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, on the brief), for petitioner.

I. Henry Kutz, of Washington, D. C. (Theron Lamar Caudle, Sewall Key, George A. Stinson and Harry Baum, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

PER CURIAM.

In the year 1941 petitioner, The Locke Machine Company, paid a total of $71,-996.25 as compensation to four individuals as follows: To E. H. Baker, Jr., as Vice President and Treasurer, $29,038.84; to J. E. Tomer, Secretary and Assistant Treasurer, $14,999.09; to E. C. Sinclair, Superintendent, $17,398.97; and to O. Gammel, Office Manager, $10,559.35. These four individuals were the only executive officers of the petitioner and the first three named were also members of its board of directors, which authorized the allowance of the compensation contended for by petitioner. The Commissioner determined reasonable compensation for these individuals to be as follows: Baker, $16,000; Tomer, $8,000; Sinclair, $9,000, and Gammel, $3,-500, or a total of $36,500; and disallowed the deductions claimed by petitioner in the sum of $35,496.25.

On petition to the Tax Court, that court determined that the allowances made by the Commissioner to Baker and Tomer were reasonable, but it increased the allowances made by him to Sinclair and Gammel in the amounts of $1,000 and $4,000 respectively. Thus, the Tax Court found an aggregate amount of $41,500 as reasonable salary deductions and disallowed $30,496.25. Petitioner sought a review here.

The case arises under Section 23, Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 23. Petitioner's principal insistence is that Sec. 23(a) (1) (A) does not authorize the Commissioner or the Tax Court to pass on the "reasonableness" of compensation paid in good faith by the taxpayer. We are not in accord with this contention. It runs contrary to the language of the statute, the Treasury Regulations and judicial decisions relevant thereto.

Petitioner's second contention is that if the Commissioner and the Tax Court have such power, the Tax Court erroneously determined the "reasonableness" of the allowance for compensation because of the weight it gave to—(a) the source of petitioner's earnings; (b) the need of the Government for revenue; and (c) the application of a different rule in wartime. This insistence is based upon the following extract from the opinion of the Tax Court — "* * * The condition of this taxpayer was very similar to that of practically all other concerns engaged in similar business in the United States and if this taxpayer can deduct inflated salaries which are based upon abnormal war profits because such compensation resulted from a long established policy of the taxpayer corporation, then the requirement that all salaries must be ordinary, necessary and reasonable has not been observed and the Government, at a time when it needs tax income most vitally, will be unjustly deprived of such income."

We find nothing in this statement of which petitioner may complain. The Tax Court was dealing with a question of fact. The material facts were stipulated and the only complaint made of the Tax Court's findings of fact is that it disallowed the payments of compensation because they were based upon abnormal war profits. Strictly speaking, this complaint, even if material, is not technically correct. The exact statement of the Tax Court upon the point was,—"The increased compensation is based almost wholly upon the increased profits made by the taxpayer. Just how much of those profits were due to increased volume and how much was due to increased prices is not clear from the record."

We do not think it necessary to enter into a detailed discussion of the evidence. We have carefully examined the record and are of the opinion that petitioner has failed to carry the burden imposed upon it by law of establishing that the Commissioner and the Tax Court were clearly and convincingly wrong, in disallowing the full amount of the deductions claimed. A principal factor in determining the reasonableness of compensation is the amount of compensation paid to similar employees engaged in similar industries. Petitioner made no effort to adduce such testimony.

The decision of the Tax Court is affirmed.