## HIGHTOWER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13310.

United States Court of Appeals Fifth Circuit.

March 9, 1951.

S. G. Winstead, J. P. Jackson, Dallas, Tex., for petitioner.

Hilbert P. Zarky, Ellis N. Slack, A. F. Prescott, L. W. Post, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The Commissioner disallowed claimed rentals paid by Midway Liquor Company to Goodie-Goodie Restaurant, Inc.,[1] as lessor, in its taxable years 1943 and 1944, allowing in lieu thereof $3,600 per year, and having determined deficiencies accordingly, notified the petitioner thereof as transferee, the two corporations having been dissolved.

The Tax Court, upon a full hearing on transferee's petition for relief, sustained the determination, and petitioner is here insisting that in doing so it erred in law and in fact. We cannot agree.

The error in law asserted is the view of the Tax Court, in substance that transferee's control over Midway and its lessor, and not economic reason or necessity, dictated the rent charged, and that, this being so, it cannot be found that the very large rent exacted by transferee through and of his solely owned corporations was an ordinary and necessary expense of Midway. If the facts are as

1. This company was the sole owner of the stock of Midway, its lessee, and its stock in turn was solely owned by the petitioner.

found by the Court, this was not an incorrect, it was a correct statement of law.

The error in fact asserted is that the facts do not support the finding on which the opinion and order are based, and the finding and order should, therefore, be set aside as clearly erroneous. We think it quite clear that this is an incorrect appraisement of the nature and effect of the evidence upon the record taken as a whole. It shows quite to the contrary that the rents charged were entirely out of line with those fixed by economic compulsions and under the influence of ordinary business conditions and policies, and that the amount allowed by the Commissioner and by the Tax Court was in line with those conditions and practices.

Petitioner's reliance on Robinson Truck Lines v. Commissioner, 5 Cir., 183 F.2d 739, will not at all do. There the taxpayer supported his position by disinterested and uncontradicted testimony, credible in itself and not impeached in any way. The Commissioner offered no testimony, and the Tax Court, not upon the evidence but apparently upon its own innate conception of reasonableness, sustained the Commissioner's determination.

We quite properly held there that this amounted to little more than fiating.

Here the Commissioner offered abundant evidence to sustain his position, and the Tax Court had ample support in the record for its finding in his favor. Indeed, a contrary finding would be most difficult to sustain.

The order appealed from was not affected with error. It is affirmed.