BURFORD–TOOTHAKER TRACTOR CO.
v. COMMISSIONER OF INTERNAL
REVENUE.

No. 13479.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1951.

Rehearing Denied Dec. 7, 1951.

4. 28 U.S.C.A. old section 391; New section 2111. Cf. Criminal Rule 52(a), 18 U.S.C.A.

634

Fred S. Ball, Jr., Montgomery, Ala., for petitioner.

Carlton Fox, Ellis N. Slack, Lee A. Jackson, George D. Webster, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, W. Herman Schwatka, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The petition presents for decision two questions:

1. Whether the decision of the Board of Tax Appeals in Burford-Toothaker Tractor Company v. Commissioner, of October 20, 1941, 45 B.T.A. 1158, with reference to the compensation payable for the years 1935, 1936, and 1937 is a bar and estoppel to the assertion by the Commissioner of the unreasonableness of compensation of taxpayer's two officers for the years 1941, 1942, and 1943.

2. Whether the Tax Court's findings of reasonable allowances under Section 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C. § 23(a) (1) (A), for taxpayer's two officers for the years 1941, 1942 and 1943 were clearly erroneous.

1. A final judgment upon the merits puts an end to the cause of action, and is an absolute bar to any subsequent action on that same claim or demand. That doctrine of *res adjudicata* is not here applicable because each year's liability for income taxes is a separate claim or demand. By the principle of collateral estoppel, applicable when the causes or demands are different, the judgment in the earlier action is conclusive as to matters actually litigated and decided and which have remained substantially static, factually and legally. Collateral estoppel is not applicable in this case for either of two reasons: 1. The earlier decision simply approved the reasonableness of compensation and did not decide that the method employed in arriving at that compensation was correct; and 2. The economic conditions prevailing in the two periods were materially different. See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898.

2. The compensation of each of petitioner's two officers was a fixed salary of $9,000 plus 2% on all sales in excess of

$300,000. The effect of the Tax Court's disallowance of part of the compensation of each officer for each year appears from the following table:

|  | Amount Paid | Amount fixed by Commissioner | Amount fixed by Tax Court |
|---|---|---|---|
| 1941 | $39,922.00 | $25,000.00 | $37,500.00 |
| 1942 | $48,606.50 | $25,000.00 | $40,000.00 |
| 1943 | $34,246.50 | $25,000.00 | $30,000.00 |

■ The question is not what this court would have determined to be reasonable compensation if it were the fact finder but only whether petitioner's evidence was so compelling as to justify this court in concluding that the Tax Court reached a "clearly erroneous" decision in finding the lesser amounts to be reasonable. Section 1141(a), Internal Revenue Code, as amended by Section 36 of the Act of June 25, 1948, c. 646, 62 Stat. 869, 26 U.S.C. 1946 ed., Supp. II, Sec. 1141; Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.; United States v. Yellow Cab Co., 338 U.S. 338, 340–342, 70 S.Ct. 177, 94 L.Ed. 150; United States v. U. S. Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746.

There were but four witnesses, all called by the petitioner. Three of them testified to their opinions that the compensation paid was reasonable, and the fourth was a corroborating witness as to the basis of one of the officer's compensation in previous employment.

In the case of J. H. Robinson Truck Lines v. Commissioner of Internal Revenue, 5 Cir., 183 F.2d 739, 740, it was held that the Tax Court could not decide contrary to the uncontradicted opinion evidence, because, as Judge Hutcheson said, the record contained no evidence whatever to support the Tax Court's decision. Judge Hutcheson himself distinguished that case in Hightower v. Commissioner of Internal Revenue, 5 Cir., 187 F.2d 535, 536; see also Leedy-Glover Realty & Ins. Co. v. Commissioner of Internal Revenue, 5 Cir., 184 F.2d 833, 834. In the present case in addition to the opinions of the witnesses there was factual evidence from which reasonable inferences could be drawn. The evidence disclosed the detailed facts as to the sales, financial operation, and earnings of the business from 1935 through 1943.

■ "To draw inferences, to weigh the evidence and to declare the result was the function of the Board (now the Tax Court)". Helvering v. National Grocery Co., 304 U.S. 282, 295, 58 S.Ct. 932, 938, 82 L.Ed. 1346. The Tax Court was not concluded by the opinions of the witnesses. Dayton Power & Light Co. v. Public Utilities Commission of Ohio, 292 U.S. 290, 299, 54 S.Ct. 647, 78 L.Ed. 1267; Helvering v. National Grocery Co., supra.

The Tax Court found that the enormous increase in sales during the taxable years was not entirely related to the services of the two officers. In Locke Mach. Co. v. Commissioner of Internal Revenue, 168 F.2d 21, 22, the Court of Appeals for the Sixth Circuit quoted from the opinion of the Tax Court as follows: "The condition of this taxpayer was very similar to that of practically all other concerns engaged in similar business in the United States and if this taxpayer can deduct inflated salaries which are based upon abnormal war profits because such compensation resulted from a long established policy of the taxpayer corporation, then the requirement that all salaries must be ordinary, necessary and reasonable has not been observed and the Government, at a time when it needs tax income most vitally, will be unjustly deprived of such income."

■ It was not essential that there be testimony of the specific figure fixed by the Tax Court. Guggenheim v. Helvering, 2 Cir., 117 F.2d 469, 474; Keystone Steel & Wire Co. v. Commissioner of Internal Revenue, 7 Cir., 62 F.2d 458, 460.

■ We cannot say that the Tax Court's findings were clearly erroneous, and its decision is therefore

Affirmed.