**SAN MARCO SHOP, Inc.,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 15294.

United States Court of Appeals
Fifth Circuit.

June 15, 1955.

Joseph S. Wilensky, Jacksonville, Fla., for petitioner.

C. Moxley Featherston, Sp. Asst. Atty. Gen., Ellis N. Slack, Robert B. Ross, Sp. Assts. Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Daniel A. Taylor, Chief Counsel, Rollin H. Transue, Sp. Atty., Internal Revenue Service, Washington, D. C., for respondent.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

In this petition for review of a decision of the Tax Court the petitioner complains of the failure of that tribunal to find in its favor on the contested issue of the reasonableness of officers' compensation.[1]

The taxpayer was a newly organized retail dress store. The principal stock-

1. Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23 (a) (1) (A), permits a taxpayer to deduct ordinary and necessary business expenses, including a "reasonable allowance for salaries or other compensation for personal services actually rendered".

holders were Joseph Wilensky (50%), Mrs. Frances Wilensky, his wife, (1%), and Herman Jackson (49%). Jackson was president, Wilensky treasurer, and Mrs. Wilensky was manager and the only full time experienced employee. The corporation fixed her salary at $60 per week plus a percentage of profits, and authorized salaries of $6,000 each to Wilensky and Jackson for their services as *officers* and *directors* "providing the corporation earned an amount sufficient to pay said salaries" for the fiscal year ending July 31, 1949, and $100 per week plus 10% of profits for Mrs. Wilensky and $4,000 each to the others with the same proviso as to earnings for the year ending in 1950.

The oral evidence on behalf of the petitioner would have supported a finding by the Tax Court of a larger figure for reasonable compensation to Wilensky and Jackson than the sum of $1,000 each for each year which is found. The evidence as a whole, however, does not make out a case which would authorize us to find the decision of the Tax Court to be clearly erroneous.

Circumstances which the Government calls to our attention as providing substantial support for the disallowance of the larger amounts include the fact that Mrs. Wilensky's compensation as an experienced dress shop operator for 20 years and with the skill and ability to purchase, price, hire sales people and sell, was less than that provided for each of the two inexperienced officers; that the corporation showed a net profit of only a few hundred dollars after payment of the salaries; that the salaries were in the same proportion as the stock holdings; that the time spent by the two individuals, which their undisputed testimony showed to average more than eight hours a day, was for lowly tasks, such as mailing, bookkeeping, donating free pressing services and the like, and was not consumed in performing services ordinarily performed by corporate officers or directors; and that Wilensky was a lawyer during the two years and still engaged to some extent in practice, while Jackson was the proprietor of a neighboring dry cleaning establishment at all times here relevant.

We have held as recently as Friedlander Corp. v. Commissioner of Internal Revenue, 5 Cir., 216 F.2d 757, that on petition for review of a decision of the Tax Court passing on the reasonableness of officers' salaries, we will apply the test as to whether the finding below was "clearly erroneous." As we said there, we do not think we can here answer such inquiry in the affirmative.

There is nothing implied in our decision or, for that matter, in that of the tax court, that the testimony of the witnesses was untruthful, which implication counsel for the taxpayer, himself one of the officers involved, urged would follow from an affirmance of the judgment below. The quality and value of the services given and the reasonableness of the compensation in the particular circumstances of this operation can all be considered by the trier of fact to negative the strong indication that the hours of activity by the two principal stockholders here were very poorly paid for.

As we said in Burford-Toothaker Tractor Co. v. Commissioner of Internal Revenue, 5 Cir., 192 F.2d 633, 635, "The question is not what this court would have determined to be reasonable compensation if it were the fact finder but only whether petitioner's evidence was so compelling as to justify this court in concluding that the Tax Court reached a 'clearly erroneous' decision in finding the lesser amounts to be reasonable."

The decision of the Tax Court is

Affirmed.