419 F.2d 1103
 MACKINAC ISLAND CARRIAGE TOURS, INC., a Michigan corporation, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
MACKINAC ISLAND CARRIAGE TOURS, INC., a Michigan corporation, Petitioner-Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
 No. 19252.
 No. 19420.
 United States Court of Appeals Sixth Circuit.
 January 6, 1970.
 
 Walter J. Murray, Detroit, Mich., for Mackinac Island Carriage Tours.
 Kenneth L. Gross, Tax Division, Dept. of Justice, Washington, D. C., for Commissioner of Internal Revenue; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Kenneth L. Gross, Attys., Dept. of Justice, Washington, D. C., on the brief.
 Before EDWARDS and PECK, Circuit Judges, and BROOKS*, District Judge.
 JOHN W. PECK, Circuit Judge.
 
 
 1
 These are combined appeals by the taxpayer and cross-appeal by the government from the judgment of the Tax Court.
 
 
 2
 The taxpayer is a Michigan corporation which operates horse drawn carriage tours on Mackinac Island. Such carriages, except for bicycles, constitute virtually the only means of transportation on the island. For many years the State of Michigan and the City of Mackinac granted yearly licenses to individuals to operate the carriage tours. In 1948, following complaints about bad service, the State required the individual operators to form a corporation with the hope that the State could more easily regulate the operation if it was conducted in corporate form. Thereupon all the individual operators formed a corporation, receiving one share of stock for each license owned upon payment of $20 per share. The former individual operators retained their individual licenses from the City, however, and each year the license holders rented their licenses to the corporation.* Over the years it developed that a few non-stockholders acquired licenses from the City, and the corporation likewise rented these licenses each year.
 
 
 3
 For the fiscal years 1961, 1962 and 1963 the corporation (hereinafter usually referred to as the "Taxpayer") paid its stockholder lessors $1,200, $1,550 and $1,500 respectively, and its non-stockholder lessors $1,600. These payments were reflected in Taxpayer's income tax returns for the years stated. The Commissioner disallowed all amounts claimed to have been paid as rentals in excess of $600 per lessor, and on the basis of such disallowance imposed deficiency assessments for the three years in the amounts of $18,876.58, $20,540.45 and $20,729.05. Taxpayer filed this action in the Tax Court and upon that court's determination that Taxpayer had failed to sustain its burden of showing its entitlement to a greater allowance Taxpayer perfected this appeal. The cross-appeal perfected by the Commissioner is directed against the Tax Court's method of computing the deficiency determined to be due for the years 1961 and 1963.
 
 
 4
 Before proceeding, we observe that we are not in disagreement with the various propositions of law set forth by the Commissioner nor with the authorities cited. These include the proposition that under Section 162(a) (3) of the Internal Revenue Code of 1954 (26 U.S.C. § 162(a) (3)) a deduction claimed is allowable only if actually paid for rent, rather than for something else in the guise of rent (Place v. Commissioner of Internal Revenue, 17 T.C. 199 (1951), aff'd., 199 F.2d 373 (6th Cir. 1952), cert. den., 344 U.S. 927, 73 S.Ct. 496, 97 L.Ed. 714 (1953)), and that where there is a close relationship between the lessor and lessee it is important to determine whether or not the lease represents an arm's length agreement between the parties (Stanwick's Inc. v. Commissioner of Internal Revenue, 15 T.C. 556 (1950), aff'd., 190 F.2d 84 (4th Cir.1951); Potter Electric Signal and Mfg. Co. v. Commissioner of Internal Revenue, 286 F.2d 200 (8th Cir. 1961)). There remains, however, the application of these propositions to the case at bar.
 
 
 5
 The holding of the Tax Court is unclear in several areas. With respect to the subject matter of the rental agreements, the Tax Court appears to have agreed with the determination by the Commissioner that since the period of their useful life as shown on tax return depreciation schedules had run, the vehicles no longer existed. A strong hint as to this bizarre belief on the part of the Tax Court is found in this observation in its opinion: "[T]he carriages had probably all been replaced by the years in issue here." Undisturbed by the lack of supporting evidence in the record, and indeed by the presence of evidence that the vehicles were still in use, the Tax Court proceeded to agree with the Commissioner that the only things leased were the licenses, and to agree that a reasonable annual rental therefore was $600.
 
 
 6
 With respect to licenses owned by the corporation's stockholders, the Tax Court held that Taxpayer failed to prove that it was entitled to deduct an amount greater than the $600 allowed by the Commissioner. The Tax Court opinion did not specifically dispose of the question of the allowable rental deduction for the rental of the licenses owned by non-stockholders of the corporation. Part of the opinion seemed to accept the government's theory and to hold that the Taxpayer was entitled to deduct only $600 per license per year for all licenses, but the opinion does recognize that some of the license holders were not shareholders, with the implication that the rental paid to these non-shareholders was the result of arm's length bargaining. A problem arises because the recomputation of taxes approved by the Tax Court appears, without explanation, to allow a deduction of $600 per year for each license owned by a stockholder and a deduction of $1,600 per year for each license owned by a non-stockholder.
 
 
 7
 Taxpayer contends that it was entitled to the full deduction it had claimed on either of two theories. The first is that the finding of the Tax Court that the rental agreements covered only the licenses and that the corporation itself owned the carriages was clearly erroneous. Taxpayer contends that the rental agreement covered both the licenses and the carriages, making the amount of the rental deduction reasonable. However, Taxpayer introduced no evidence to show that both carriages and licenses were rented except for the inclusion of the term "carriages" in the standard form of lease used by the corporation. On the other hand, the Commissioner relied solely on the fact that the corporation had claimed a depreciation deduction on "carriages and accessories" on its previous tax returns to support its contention that the corporation had replaced all the carriages originally rented and that only licenses were the subject of the rental agreements.
 
 
 8
 On this unsatisfactory state of the record, while we have no hesitation in determining that the Tax Court's finding that the sole subject of the leases were the licenses, based on its unsupportable conclusion that the original carriages no longer existed, is clearly erroneous, we would be reluctant to hold that the precise subjects of the leases had been satisfactorily established. We thus are of the view that a remand for the taking of additional evidence and for additional findings is required. We add that such remand seems particularly appropriate in this case in which both parties express an understandable inability to interpret the opinion of the Tax Court, and in which the appellee cross-appellant requests a remand. Our conclusion is strengthened by other areas in which the evidence to support the contentions of the parties is less than clear. For example, Taxpayer contends that there was expert testimony by shareholder license holders who were former individual operators of the carriage tours that the reasonable rental value of the licenses was in excess of $2,000 per year. The Commissioner responds that this testimony related only to City of Mackinac licenses, which were without value except in conjunction with the State of Michigan licenses held by Taxpayer.
 
 
 9
 Finally, the Commissioner contends in the cross-appeal that the main opinion of the Tax Court is inconsistent with the order entered following the recomputation hearing as outlined above and that the case should be remanded for an explanation of the inconsistency. Specifically, an explanation is required as to why a different basis of computation was made applicable to 1961 and 1963 (which the Commissioner contends was incorrect) than was utilized in connection with 1962 (which the Commissioner argues was correct).
 
 
 10
 The case is remanded to the Tax Court for further action in accordance with the foregoing.
 
 
 
 Notes:
 
 
 *
 Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 *
 It is apparently undisputed that upon the formation of the corporation the former individual operators of the carriage tours rented their carriages as well as their licenses to the corporation. It was a matter of some dispute, however, both in the Tax Court and in this Court, whether the rental payments in the years at issue were for the rental of carriages and licenses or licenses alone. The taxpayer contends that it rented both the carriages and the licenses; the Commissioner contends that only the licenses were rented